Contracts; breach; termination; interpretation; circumstances surrounding execution as aid; counterclaim; failure of proof. — Plaintiff contractor seeks to recover lost profits alleged to be due in consequence of defendant Forest Service’s assertedly wrongful termination of a contract for the purchase and sale of timber. Defendant counterclaims for three times the alleged value of timber removed by the plaintiff following termination. An advertisement for bids and a prospectus identified the timber to be sold as substandard logs located in decks and slash piles. Upon award plaintiff inquired of a forestry technician employed by the defendant whether he might remove from the sale area any standing dead trees ("snags”) or down logs not in decks. The technician answered in the negative and referred plaintif to the prospectus. At a subsequent meeting with the timber sale officer to prepare an operating plan, the cutting and removal of snags within the sale area was not mentioned. The plan itself stated that all logs to be removed were marked with yellow paint. Plaintiff was then told, however, that he might remove from the decks any material he believed to be of value, whether or not such material was marked with yellow paint. The contract, prepared entirely by the Forest Service, stated in Clause 2 that the defendant agreed to sell and plaintiff to purchase, "all the dead timber standing or down and all live timber marked or designated for cutting by the Forest Service, merchantable as hereinafter defined, located on . . .” the sale area. Clause 3 of the contract described the "Species and Product” being sold as "All *493 species dead and down, logs.” The contract provided that the Forest Service might either suspend operations on the sale area or terminate the contract for disregard of the contract’s terms or failure to comply therewith. Plaintiff insisted throughout operations under his contract, and here maintains, that he was entitled to cut and remove all the snags on the sale area. When plaintiff ignored repeated instructions from defendant not to cut and remove snags, however, his contract was terminated. Plaintiff nonetheless continued to cut snags and removed two loads of logs which are the subject matter of defendant’s counterclaim. On September 24, 1979 Trial Judge Harry E. Wood filed a recommended opinion (reported in full at 26 CCF ¶ 83,699) finding that defendant’s termination of the contract was not a breach and therefore plaintiff was not entitled to recover. In that the written terms of the contract were ambiguous on their face when the clause were construed together, the trial judge considered the circumstances surrounding the execution of the contract as an interpretive aid. The clear language of the advertisement, prospectus, and bid form excluded the cutting and removal of snags. Moreover, plaintiffs inquiry as to their removal was answered in the negative by a government representative and the mutually agreed upon operating plan did not mention snags. Therefore plaintiff should have been very much aware that the contract did not confer on him any right to cut and remove snags. The defendant was held to be entitled to no recovery on its counterclaim since it failed to establish by competent evidence the value of the timber removed by the plaintiff from the sale area following contract termination. On December 7, 1979 the Court, by order, adopted the trial judge’s recommended decision as the basis for its judgment in this case and dismissed both plaintiffs petition and defendant’s counterclaim.